# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 09-513** |
| **EMANUEL E. PATTERSON,**<br>    **a/k/a "Manny"** | : | |

## ORDER

AND NOW, this          day of          , 2009, upon consideration of the Government's Motion in Limine to Use Defendant's Prior Convictions for Impeachment and the defendant's response thereto, it is hereby

O R D E R E D

that the Motion is GRANTED. The Court finds that the probative value of the convictions outweigh their prejudicial effect and holds, therefore, that they may be used to impeach the defendant, if he chooses to testify at trial.


BY THE COURT:


_____
HONORABLE R. BARCLAY SURRICK
UNITED STATES DISTRICT COURT JUDGE

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 09-513 |
| EMANUEL E. PATTERSON,<br>a/k/a "Manny" | : | |

## GOVERNMENT'S MOTION IN LIMINE
## TO USE DEFENDANT'S PRIOR CONVICTIONS

The United States of America, by and through its undersigned attorneys, respectfully moves the Court for an Order *in limine* permitting the government to use defendant's prior convictions for impeachment as follows:

l.      The defendant is charged in a three-count indictment with conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371, armed bank robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2113(d) and 2, and carrying and using a firearm during a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2.

2.      The defendant has felony convictions for robbery, criminal conspiracy, and carrying a firearm without a license in the Philadelphia Court of Common Pleas. The case is <u>Commonwealth of Pennsylvania v. Emanuel Patterson, a/k/a "Herrell Jackson"</u>, No. CP-51-CR-1032081-1993. The defendant was sentenced on January 3, 1995 to a minimum of five years imprisonment and a maximum of ten years. He was paroled on February 22, 2000.

1

3.     Under Fed. R. Evid. 609(a)(1), the above felony convictions are admissible to impeach the defendant, if he chooses to testify at trial. The probative value of the convictions outweigh any potential prejudicial effect on defendant.

WHEREFORE, the government respectfully requests that the Court grant the Government's Motion *in limine* to Use Defendant's Prior Convictions for impeachment and hold that the defendant's convictions may be admitted under Fed. R. Evid. 609(a)(1) because their probative value outweighs their prejudicial effect on the defendant.

Respectfully submitted,

MICHAEL L. LEVY
United States Attorney


/s/ Alexander T.H. Nguyen
ALEXANDER T.H. NGUYEN
ANTHONY G. KYRIAKAKIS
Assistant United States Attorneys

2

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 09-513 |
| EMANUEL E. PATTERSON,<br>    a/k/a "Manny" | : | |

### GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS MOTION
### TO USE DEFENDANT'S PRIOR CONVICTIONS FOR IMPEACHMENT

## I.    Introduction

The government intends to impeach the defendant with his prior felony convictions for robbery, criminal conspiracy, and carrying a firearm without a license, if he testifies at trial. The probative value of the convictions outweigh their prejudicial effect on the defendant. The government seeks admission of the convictions under Fed. R. Evid. 609(a)(1). If the Court concludes that these convictions are admissible under Fed. R. Evid. 609(a)(1),[1] the government will request appropriate limiting instructions to ensure that the jury consider the

---

[1] Fed. R. Evid. 609(a)(1) provides in pertinent part:

> For purposes of attacking the credibility of a witness, . . . evidence that an accused has been convicted of . . . a crime [punishable by imprisonment in excess of one year] shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused . . .

Additional weighing is required if the conviction is more than ten years old. Fed. R. Evid. 609(b).

1

convictions as impeaching evidence only and not as evidence that defendant is "a bad person." Third Circuit Model Jury Instructions 4.36 (Impeachment of Defendant — Prior Conviction (F.R.E. 609)). Jurors are presumed to follow such limiting instructions. <u>Shannon v. United States</u>, 512 U.S. 573, 585 (1994); <u>Richardson v. Marsh</u>, 481 U.S. 200, 206 (1987); <u>United States v. Edmonds</u>, 80 F.3d 810, 825 (3d Cir. 1996).

## II.    <u>Legal Argument</u>

"Rule 609 is premised on 'the common sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath.' . . . Rule 609 evidence is admitted in order to inform the jury about the character of the witnesses whose testimony the jury is asked to believe." <u>Walden v. Georgia Pacific Corp.</u>, 126 F.3d 506, 523 (3d Cir. 1997) (citations omitted). <u>See also</u> <u>United States v. Lipscomb</u>, 702 F.2d 1049, 1061 (D.C. Cir. 1983) ("[A]ll felony [convictions] have some probative value on the issue of credibility"). Accordingly, evidence that may be inadmissible under Rule 404(b) is nevertheless admissible under Rule 609, because a testifying defendant's credibility is the central issue. <u>See</u> <u>United States v. Haslip</u>, 160 F.3d 649 (10th Cir. 1998); <u>United States v. Valencia</u>, 61 F.3d 616 (8th Cir. 1996); <u>United States v. Smith</u>, 49 F.3d 475 (8th Cir. 1995).

Indeed, juries are properly instructed that a prior felony is appropriately considered when assessing a defendant's credibility. <u>See</u> 6

2

Weinstein's Federal Evidence § 609.04(2)(f ) (quoting Federal Judicial Center, Pattern Criminal Jury Instruction, No. 41 (1987)); see also 1 Devitt, et al., Federal Jury Practice and Instructions § 11.09 (4th ed.). In this case, the defendant's felony convictions are relevant to the jury's assessment of his credibility, if he takes the stand in his own defense at trial, and they are more probative than prejudicial. Thus, they should be admitted under Rule 609(a)(1) for impeachment purposes.

The Court should consider four factors in making its determination of whether the probative value of the defendant's convictions outweigh their prejudicial effect to the defendant: (1) the kind of crimes involved; (2) when the convictions occurred; (3) the importance of the witness's testimony to the case; and (4) the importance of the credibility of the defendant. See Government of Virgin Islands v. Bedford, 671 F.2d 758, 761 n.4 (3d Cir. 1982) (stating that courts generally employ these four factors in making the determination). Here, these factors weigh in favor of allowing the government to impeach the defendant with his prior convictions.

### 1.     The Kinds of Crimes Involved Do Not Bar Admission for Impeachment Purposes

The defendant has prior felony convictions for robbery, criminal conspiracy, and carrying firearms without a license in the Philadelphia Court of Common Pleas. These convictions resulted from the case Commonwealth of Pennsylvania v. Emanuel Patterson, No. CP-51-CR-1032081.

Courts have routinely allowed impeachment of defendants

3

with robbery convictions under Rule 609(a)(1) on the basis that robbery is a crime which is probative of the defendant's character for truthfulness. As the Tenth Circuit reasoned, "It is improbable that one who undertakes to rob . . . will prove to be a person of high character who is devoted to truth." United States v. Halbert, 668 F.2d 489, 495 (10th Cir. 1982) (affirming use of bank robbery conviction to impeach defendant in bank robbery case). See also United States v. Alexander, 48 F.3d 1477, 1488 (9th Cir. 1995) (reasoning that "prior convictions for robbery are probative of veracity" in affirming use of robbery conviction to impeach defendant in armed robbery case) (citation omitted); United States v. Smith, 10 F.3d 724, 727 (10th Cir. 1993) (affirming use of robbery conviction to impeach defendant in bank robbery case); United States v. Meyers, 952 F.2d 914, 917 (6th Cir. 1992) (affirming use of armed robbery conviction to impeach defendant in § 922(g) case); United States v. Perkins, 937 F.2d 1397, 1406 (9th Cir. 1991) (upholding admission, in trial on bank robbery charges, of prior bank robbery conviction, pursuant to Rule 609(a)(1)); United States v. Moore, 917 F.2d 215, 235 (6th Cir. 1990) (affirming use of armed robbery conviction to impeach defendant on trial for robbery and use of firearm in violation of 18 U.S.C. § 924(c)); United States v. Givens, 767 F.2d 574, 580 (9th Cir. 1985) (affirming use of two robbery convictions and assault with a deadly weapon conviction to impeach defendant in armed robbery case: "We have previously held that prior convictions for robbery are probative of veracity"); United States v. Browne, 829 F.2d 760, 764 (9th Cir. 1987) (at trial on bank robbery charges, jury properly allowed to consider testifying defendant's prior bank robbery conviction,

4

despite similarity of offenses, where defendant's credibility was central to his defense and where prior conviction was recent); United States v. Washington, 746 F.2d 104 (2d Cir. 1984) (affirming use of robbery conviction to impeach defendant in bank robbery case); United States v. Grandmont, 680 F.2d 867 (1st Cir. 1982) (robbery is not crimen falsi but is admissible for impeachment under Rule 609(a)(1)); see also United States v. Jackson, 1994 WL 4464 (E.D. Pa. 1994) (Buckwalter, J.) (not precedential) (robbery convictions admissible under Rule 609(a)(1) and (a)(2)); United States v. Fromal, 733 F.Supp. 960, 973 (E.D. Pa. 1990) (Van Antwerpen, J.) (bank robbery conviction admissible under Rule 609(a)(1) and (a)(2)).

In addition, the defendant's prior conviction for carrying a firearm should also be admitted here. See United States v. Meyers, 952 F.2d 914, 916-917 (6th Cir. 1992) (no error in allowing impeachment of a defendant charged with distribution of cocaine and possession of a firearm with prior conviction for armed robbery); United States v. Castor, 937 F.2d 293, 298-299 (7th Cir. 1991) (proper to permit impeachment of a defendant charged with felon in possession of a firearm and extortion with his conviction for armed battery and a recent conviction for weapons possession); United States v. Perkins, 937 F.2d 1397, 1406 (9th Cir. 1991) (impeachment of bank robbery defendant with prior bank robbery conviction proper where defendant's credibility was central to the case); United States v. Smith, 10 F.3d 724, 727 (10th Cir. 1993) (admitting robbery and burglary convictions for impeachment purposes in bank robbery trial); United States v. Oaxaca, 569 F.2d

518, 526-527 (9th Cir. 1978) (rejecting armed bank robbery defendant's challenge to impeachment with conviction for identical offense). Thus, firearms-related convictions are also properly admitted under Rule 609. See, e.g., United States v. Johnson, 720 F.2d 519, 522 (8th Cir. 1983); United States v. Booker, 706 F.2d 860, 862 (8th Cir. 1983); United States v. Rosales, 680 F.2d 1304, 1306 (10th Cir. 1981); United States v. Johnson, 47 F. Supp. 2d 1329, 1331 (D. Utah 1999).

2. **The Convictions Occurred Within the Last Ten Years for Purposes of Rule 609(a)(1)**

The second factor similarly weighs in favor of admissibility. The defendant's convictions here fall within the 10-year limitation by Federal Rule of Evidence 609(b), which provides for additional weighing – not automatic exclusion – of old convictions. Here, the defendant was sentenced on January 3, 1995 to a minimum of five years imprisonment. He was paroled on February 22, 2000. Thus, his release from confinement was less than 10 years ago, and the convictions are recent for purposes of this rule and relevant for credibility determinations. Fed. R. Evid. 609(b) (requiring additional weighing if more than ten years have elapsed since the date of conviction or the date of release from confinement, whichever is later).

3. **The Importance of The Witness's Testimony to the Case and Defendant's Credibility Favor Admission of His Prior Convictions**

Should the defendant choose to testify, the government anticipates that the credibility of his testimony will be a central issue in the case. The

6

government's key witnesses will be police witnesses and civilians who are expected to testify that they spotted the defendant a block away from the Sovereign Bank on the morning of the robbery, and that the defendant gave a written statement regarding his involvement in the conspiracy. Upon testifying, it is likely that the defendant will deny various facts and circumstances reflected in the written statement. Thus, his credibility will be a key issue, and the jury is entitled to know of his prior convictions in assessing that credibility. See United States v. Oakes, 565 F.2d 170,173 (1st Cir. 1977) (impeachment with manslaughter conviction appropriate where there was a "sharp, irreconcilable conflict" between the testimony of the government's witnesses and that of the defendant, such that credibility was crucial to the case). "A defendant who testifies is invariably the centerpiece of any criminal defense, and the defendant's credibility is always at issue." United States v. Rosato, 1999 WL 58577, *2 (E.D. Pa. Jan. 26, 1999) (not precedential).

        That the prior convictions be admissible for credibility purposes is particularly important here where the defendant will pit his account of events, and his credibility, squarely against that of other individuals. See, e.g., United States v. Arhebamen, 197 Fed. Appx. 461, 467 (6th Cir. 2006) (not precedential) (admitting prior conviction similar to crime charged "because Defendant's credibility was a central issue at trial"); United States v. Nururdin, 8 F.3d 1187, 1192 (7th Cir. 1993) (upholding admission of prior conviction where "the defendant's testimony and the credibility issue are both critical to the outcome of this case because defendant and

7

the officers offered conflicting accounts of the events leading to defendant's arrest.");

United States v. Pettiford, 238 F.R.D. 33, 42 (D.D.C. 2006) ("Given that the

credibility of the Defendant, should he choose to take the stand and make such a

defense, could be determinative, it also seems unfair to the Government to

completely prevent it from presenting relevant impeaching evidence that would

otherwise be admissible, absent unfair prejudice."); Daniels v. Loizzo, 986 F. Supp.

245, 250 (S.D.N.Y. 1997) (admitting prior conviction where "Plaintiff and the Officer

Defendants will testify to radically divergent versions of what occurred . . . Faced

with these conflicting stories, the jury's central task will be to determine who is

telling the truth.").

        Moreover, any attenuated prejudice is eliminated or mitigated by a

proper limiting instruction. The Third Circuit Model Jury Instructions include the

following limiting instruction, which specifically addresses this precise issue:

> You heard evidence that the defendant was previously convicted of a
> crime. You may consider evidence of his previous conviction only to
> decide whether to believe his testimony and how much weight to give
> it. That evidence does not mean that the defendant committed the
> crime charged here, and you must not use that evidence as any proof of
> the crime charged in this case.

Third Circuit Model Jury Instructions (Criminal) 4.36; Richardson, 481 U.S. at 206

(referring to the "almost invariable assumption of the law that jurors follow their

instructions"); United States v. Urban, 404 F.3d 754, 776 (3d Cir. 2005) (jury

presumed to follow instruction that guilt on some counts did not mean guilt on

other counts); United States v. Hakim, 344 F.3d 324, 330 (3d Cir. 2003) (jury

presumed to follow curative instruction to ignore testimony on defendant's drug use); <u>see also</u> Fed. R. Evid. 105 (providing for admission of evidence for limited purposes). Accordingly, the defendant's prior convictions should be admissible for impeachment purposes if the defendant chooses to testify at trial.

## <u>CONCLUSION</u>

When a defendant testifies, he places his credibility "directly at issue," <u>see</u> <u>United States v. Beros</u>, 833 F.2d 455, 463-64 (3d Cir. 1987), and his prior convictions then bear on his credibility.  <u>See</u> <u>United States v. Alexander</u>, 48 F.3d 1477, 1489 (9th Cir. 1995). Under these circumstances, it is important for the jury to be aware of the defendant's prior felony convictions in order to evaluate his credibility. As the Ninth Circuit recognized in <u>United States v. Browne</u>, 829 F.2d 760, 763 (9th Cir. 1987), the government should not be forced to "sit silently by, looking at criminal record which, if made known, would give the jury a more comprehensive view of the trustworthiness of the defendant as a witness." The jury is entitled to know of these prior convictions in assessing the defendant's credibility,

should he choose to testify. For these reasons, the Court should grant the government's motion <u>in limine</u> to use the defendant's prior convictions for impeachment purposes at trial.

Respectfully submitted,

MICHAEL L. LEVY
United States Attorney

<u>/s/ Alexander T.H. Nguyen</u>
ALEXANDER T.H. NGUYEN
ANTHONY G. KYRIAKAKIS
Assistant United States Attorneys

10

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the GOVERNMENT'S MOTION IN LIMINE TO USE DEFENDANT'S PRIOR CONVICTIONS, and the proposed ORDER has been filed electronically on the Electronic Case Filing system and is available for viewing and downloading from the ECF system, and/or was served by electronic mail on the following defense counsel:

Mark Jay Krum
Attorney-at-Law
100 South Broad Street, Suite 1910
Philadelphia, PA 19110
151 East 58th Street, 47th Floor
New York, New York 10022
markjaykrum@aol.com

/s/ Alexander T.H. Nguyen
ALEXANDER T.H. NGUYEN
Assistant United States Attorney

Dated: <u>September 28, 2009</u>

11