IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :

    v.          :          CRIMINAL NO.:  09-513

EMANUEL E. PATTERSON          :

## ORDER

**AND NOW**, this          day of          , 2009, upon consideration of Defendant's Motion <u>in Limine</u> To Exclude Any Evidence of Prior Convictions Pursuant to Federal Rule of Evidence 609, and the government's response thereto, it is hereby **ORDERED** that the Motion is **GRANTED**, and that the government is prohibited from introducing any evidence relating to the defendant's prior convictions.

It is so **ORDERED**.


BY THE COURT:


_____

**THE HONORABLE R. BARCLAY SURRICK**
United States District Court Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     :
                          :
        v.                  :        **CRIMINAL NUMBER: 09-513**
                          :
EMANUEL E. PATTERSON      :

## DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE ANY EVIDENCE
## OF PRIOR CONVICTIONS PURSUANT TO
## FEDERAL RULE OF EVIDENCE 609

**EMANUEL E. PATTERSON**, by and through his court appointed attorney, Mark Jay

Krum, Esquire, files this motion pursuant to Federal Rule of Evidence 609 to preclude the

admission of any evidence relating to his prior criminal history to impeach him if he chooses to

testify at his criminal trial.  As grounds, it is stated:

1.      Emanuel E. Patterson  is charged in a three-count Indictment with conspiracy to

commit armed bank robbery in violation of 18 U.S.C. § 371; armed bank robbery in violation of

18 U.S.C. § 2113(d); and carrying a firearm during and in relation to a crime of violence in

violation of 18 U.S.C. § 924(c)(1).

2.      The government alleges that on or about December 19, 2008, Mr. Patterson

participated in an armed bank robbery of the Sovereign Bank, located at 125 South Providence

Road in Media, Pennsylvania.  The government also alleges that Mr. Patterson conspired with

Rahsaan Lahvon Ford and Norman Michael Hawkins, Jr. to rob the bank at gunpoint.

3.      According to discovery provided by the government, Mr. Patterson has prior adult

criminal convictions, including: (1) carrying firearms without a license (1/3/95); (2) criminal

conspiracy (1/3/95); and (3) robbery (1/3/95) arising from an arrest on October 4, 1993.

4.      By correspondence dated September 23, 2009, the government notified the

undersigned "that it intends to use the defendant's prior conviction for impeachment purposes

should the defendant or other witnesses testify at trial, as appropriate under Federal Rule of Evidence 609."

5.      Federal Rule of Evidence 609(a)(1) forbids an attack upon the credibility of the accused by the introduction of evidence that he committed a crime punishable by death or imprisonment in excess of one year unless the probative value of admitting the evidence outweighs its prejudicial effect to the accused.

5.      In addition, Federal Rule of Evidence 609(a)(2) forbids an attack upon the credibility of any witness, including the accused, through the introduction of evidence of prior convictions that do not involve an act of dishonesty or false statement.

6.      Finally, Federal Rule of Evidence 609(b) precludes the admission of impeachment evidence of conviction of a crime if more than ten years has passed since the date of the conviction, "unless the court determines, in the interest of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect."

7.      Pursuant to Rules 609(a)(1), (a)(2) and (b), it is clear that Mr. Patterson's prior convictions may not be admitted at trial for any purpose because the offenses did not involve an act of dishonesty or false statement, the convictions occurred over ten years ago, and the potential harm to the defendant far outweighs any remote probative value of this type of evidence.

8.      Indeed, Mr. Patterson's prior convictions are of a type that mere knowledge of their existence would prejudice the jury against him.

**WHEREFORE**, for the reasons set forth in this Motion in Limine and the accompanying Memorandum of Law, Emanuel E. Patterson respectfully requests that the Court grant the instant Motion in Limine to Exclude Any Evidence of Prior Convictions Pursuant to Federal Rule of

Evidence 609, and prohibit the admission of his prior criminal history to impeach him if he chooses to testify.

Respectfully submitted,

MARK JAY KRUM, ESQ.
100 S. Broad Street, Suite 1910
Philadelphia, PA 19103
Tel. (215) 605-8200

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     :

   v.                    :     **CRIMINAL NO.:  09-513**

EMANUEL E. PATTERSON     :

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE ANY EVIDENCE
## OF PRIOR CONVICTIONS PURSUANT TO
## FEDERAL RULE OF EVIDENCE 609

### I.    INTRODUCTION

Emanuel E. Patterson is charged in a three-count indictment for armed bank robbery.  Mr. Patterson has three prior criminal convictions as set forth in the attached motion, for: (1) carrying firearms without a license; (2)  criminal conspiracy; and (3) robbery, for which he was sentenced on January 3, 1995.

If Mr. Patterson chooses to testify at trial, the Court should preclude the government from using Mr. his prior convictions against him for impeachment purposes.  First, the convictions referenced above are more than ten years old.  Second, none of these crimes contain the elements of acts of dishonesty or false statement.  Finally, the convictions do not have any probative value that would outweigh the prejudicial effect on the defendant.  To be sure, these convictions merely serve to create the perception that Mr. Patterson is a career criminal.

### II.    DISCUSSION

#### A.    Mr. Patterson's Prior Convictions Are Inadmissible for Impeachment Under Federal Rule of Evidence 609(b)

Mr. Patterson's prior convictions should be excluded from trial because they occurred over ten years ago. Federal Rule of Evidence 609(b) provides:

Evidence of a conviction under this rule is not admissible if

a period of more than ten years has elapsed since the date
of the conviction or of the release of the witness from the
confinement imposed for that conviction, whichever is the
later date, unless the court determines, in the interests of
justice, that the probative value of the conviction supported
by specific facts and circumstances substantially outweighs
its prejudicial effect. However, evidence of a conviction
more than 10 years old as calculated herein, is not
admissible unless the proponent gives to the adverse party
sufficient advance written notice of intent to use such
evidence to provide the adverse party with a fair
opportunity to contest the use of such evidence.

**B.     Mr. Patterson's Prior Convictions Are Inadmissible Under
Federal Rule of Evidence 609(a)(2) Because They Do Not Involve
An Act of Dishonesty or False Statement**

All of Mr. Patterson's prior convictions are inadmissible under Federal Rule of Evidence

609(a)(2) because the prior crimes do not involve an act of dishonesty or false statement. Rule

609(a)(2) prohibits the use of prior convictions for impeachment purposes if the elements of the

prior crime committed do not require proof or admission of an act of dishonesty or false

statement by Mr. Patterson.

In Cree v. Hatcher, the Third Circuit explained what constitutes a crime involving

dishonesty or false statement. Cree v. Hatcher, 969 F.2d 34, 37 (3d Cir. 1992). The Third

Circuit, as well as its sister circuits, agrees that the phrase "dishonesty and false statement"

means "crimes such as perjury or subornation of perjury, false statement, criminal fraud,

embezzlement, or false pretense, or any other offense in the nature of crimen falsi, the

commission of which involves some element of deceit, untruthfulness, or falsification bearing on

the accused's propensity to testify truthfully." Cree, 969 F.2d at 37 (quotation omitted).

Accordingly, the appropriately narrow test for admissibility under Rule 609(a)(2)

does not measure the severity or reprehensibility of the crime but rather
focuses on the witness's propensity for falsehood, deceit, or deception. To
conclude that evidence of a crime is admissible under Rule 609(a)(2)
simply because the crime was reprehensible would do violence to both the
text of Rule 609(a)(2) and the interpretive framework suggested by the

Conference Committee.

<u>Cree</u>, 969 F.2d at 38.  Therefore, moral turpitude is not enough; the crime by definition must contain dishonesty or false statement as an element of the offense.  <u>Id</u>. at 38 n. 2.

### 1.    The Firearm Conviction Is Inadmissible Under Rule 609(a)(2).

There can be no dispute that Mr. Patterson's prior conviction for carrying a firearm without a license is inadmissible under Rule 609(a)(2) because the crime does not include proof or admission of an act of dishonesty or false statement as an element of the offense.

### 2.    The Robbery Conviction Is Inadmissible Under Rule 609(a)(2).

Mr. Patterson's prior robbery conviction is inadmissible under Rule 609(a)(2) because the offense does not include proof of an act of dishonesty or false statement as an element of the offense.  A person is guilty of robbery in Pennsylvania if, during the commission of a theft, he inflicts or threatens to inflict serious bodily injury on another person, or puts another person in fear of such injury.  <u>See</u> 18 Pa.C.S.A. § 3701.

There is ample caselaw in the Third Circuit holding that the crime of robbery is not <u>crimen falsi</u>.  Recently, in <u>Walker v. Horn</u>, 385 F.3d 321 (3d Cir. 2004) the court reasoned that "[o]ne can obviously commit a theft without employing deceit (i.e. a pickpocket).  Therefore, the theft that is required for robbery does not transform that crime of violence into a <u>crimen falsi</u> crime."  <u>Horn</u>, 385 F.3d at 334 n.27.  <u>United States v. Graves</u>, No. 06-95-01, 2006 WL 1997378, at *3 (E.D. Pa., July 12, 2006)(armed robbery is  not a <u>crimen falsi</u>); <u>United States v. Tubbs</u>, No. 89-498, 1990 WL 27365, *4 (E.D. Pa., Mar. 12, 1990)(robbery and possession of stolen property not <u>crimen falsi</u>).

A number of courts in the Third Circuit have decided several cases in which the government conceded that robbery was not <u>crimen falsi</u>.  <u>See</u> <u>United States v. Hart</u>, No. Crim. A. 97-21, 1997 WL 634519, at *1 (E.D.Pa., Oct. 15, 1997)(Hutton, J.), <u>aff'd</u>, 175 F.3d 1011 (3d Cir.

1999), cert. denied, 528 U.S. 945 (1999); United States v. Eaddy, No. 95-0681-01, 1996 WL

153657, at *1 (E.D.Pa., April 1, 1996)(Hutton, J.); United States v. Sallins, No. Crim. A. 91-338-

01, 1993 WL 427358, at *3 (E.D.Pa., Oct. 18, 1993)(Hutton, J.).

> **C.    Mr. Patterson's Prior Convictions Are Inadmissible Under Federal Rule of
> Evidence 609(a)(1) Because the Probative Value of Such Evidence Is
> Outweighed By the Prejudicial Effect**

Because Rule 609(a)(2) does not come into play, Rule 609(a)(1) applies to determine

whether Mr. Patterson's prior convictions are admissible for impeachment.  Pursuant to Federal

Rule of Evidence 609(a)(1), evidence that the accused has been convicted of a felony offense is

admissible only if the Court determines that the probative value of such evidence outweighs its

prejudicial effect and impact to the accused.

When considering the admissibility of prior convictions to impeach, the Third Circuit

relies on the test set forth in Government of Virgin Islands v. Bedford.  671 F.2d 758 (3d.

Cir.1982).  The Bedford case involved a challenge to the admissibility of a prior conviction

under 609(a)(1), but courts also have utilized the Bedford test to determine the admissibility of

prior convictions under 609(b).  See United States v. D'Agata, 646 F.Supp. 390, 391 (E.D.Pa.

1986), aff'd, 826 F.2d 1057 (3d Cir. 1987).[1]

Bedford requires courts to consider several factors in determining whether the probative

value of prior conviction impeachment evidence outweighs its prejudicial effect, including: "(1)

the kind of crime involved; (2) when the conviction occurred; (3) the importance of the witness'

testimony to the case; (4) the importance of the credibility of the defendant".  See United States

v. Hart, 1997 WL 634519, *1 (E.D. Pa., Oct. 15, 1997)(Hutton, J.)(citing Bedford, 671 F.2d at

---

[1]Note, however, that 609(a) requires that the probative value of the prior conviction
simply outweigh any prejudicial effect, while 609(b) requires that the probative value
substantially outweighs the prejudicial effect. Nonetheless, the same factors may be examined in
order to determine the admissibility of a prior conviction under either 609(a) or 609(b). Id.

761 n. 4 (3d Cir. 1982)).

### 1.    The Kind of Crime Involved.

Mr. Patterson is charged with armed bank robbery.  As described above, he previously

was convicted of robbery, carrying a firearm without a license, and criminal conspiracy.

### a.    Similarity of Offenses.

Courts have recognized that the greater the similarity between the previous offenses and

the currently charged crimes, the greater the *risk* of unfair prejudice to the defendant.  See

United States v. Seamster, 568 F.2d 188, 191 (10th Cir. 1978); United States v. Maisonneuve,

954 F.Supp. 114, 117-18 (D.Vt. 1997).  In United States v. Sanders, 964 F. 2d 295 (4th Cir.

1992), the court recognized that

> [a]dmission of evidence of a similar offense often does little to impeach the
> credibility of a testifying defendant while undoubtedly prejudicing him.  The jury,
> despite limiting instructions, can hardly avoid drawing the inference that the past
> conviction suggests some probability that defendant committed the similar offense
> for which he is currently charged.  The evidence of similar offenses for
> impeachment purposes under Rule 609 should be admitted sparingly if at all.

Id. at 297.  The Sanders court ultimately refused to allow the admission of the defendant's prior
convictions for assault and possession of contraband when the defendant was on trial for assault
with a dangerous weapon with intent to do bodily harm.  Similarly, in United States v. Footman,
33 F. Supp.2d 60 (D. Mass. 1998), the court acknowledged that

> [e]ven in the ordinary case, admissibility of prior convictions creates a "halo
> effect" which causes the jury to see the defendant as "bad," regardless of the other
> evidence in the case.  A similar conviction exacerbates the impact.  "Attribution
> theory" suggests that the "halo effect" of prior convictions is at its height in the
> jury setting.

Id. at 62 (citing Robert D. Okun, Character and Credibility: A Proposal to Realign Federal Rules

of Evidence 608 and 609, 37 Vill. L.Rev. 533, 551 (1992)).  The court in Footman precluded the

admission of the defendant's prior conviction for rape to impeach him in a case in which he was

charged with interstate transportation for the purposes of prostitution.  See also, United States v.

Wallace, 848 F.2d 1464 (9th Cir. 1988)(similarity of prior heroin conviction and present charges weighed against admissibility of prior conviction for impeachment).

Mr. Patterson is charged with armed bank robbery. His previous convictions are practically identical to the current charged offenses. The inadmissibility of these previous convictions, therefore, cannot be disputed.

Moreover, Mr. Patterson's prior robbery conviction is not admissible for impeachment purposes because there is a strong likelihood that the jurors will assume that Mr. Patterson used a weapon in the prior offense. Therefore, the likelihood of prejudice in the instant matter is great.

Finally, Mr. Patterson's prior conviction for robbery is not admissible to impeach his testimony because evidence of the prior robbery will invite the jurors to conclude that because he committed a crime before, he must have committed the current crime charged. This conclusion is based on precisely the type of reasoning prohibited by the Federal Rules of Evidence.

Furthermore, it is very unlikely that a limiting instruction would successfully steer the jury into considering this evidence in the context in which it is presented by the government. "Anecdotal evidence and precedent, not to mention social science studies, make it quite clear that the jury cannot perform the mental acrobatics the Government would require of them, and further, that a limiting instruction would be useless." Footman, 33 F. Supp.2d at 62. This substantive potential for unfair prejudice to Mr. Patterson outweighs any potential value his prior convictions might have.

### b.  Offenses Not Probative of Truthfulness.

As discussed above, none of Mr. Patterson's prior offenses are crimen falsi. Further, none of the crimes reflect on an individual's capacity to testify truthfully. While multiple prior convictions may, arguably, evidence an unwillingness to abide by the law in any setting, it is

inconclusive that an individual who has committed various crimes in the past will be unwilling to testify trustfully when requested to do so.

In fact, when considering the probative value of crimes, assaultive crimes and weapons offenses fall at the very low end of the scale. See United States v. Estrada, 430 F.3d 606, 618, 621 (2nd Cir 2006)(crimes of violence rank at low end of scale of probative worth on credibility). It is well-settled that crimes of violence or assault which may result from a short temper, a combative nature, extreme provocation, or other causes, generally have little or no direct bearing on honesty and veracity. United States v. Smith, No. 04-680, 2006 U.S. Dist. LEXIS 9692, at *6-*7 (E.D. Pa., Mar. 13, 2006)(quotation omitted); United States v. Sallins, No. 91-338-01, 1993 U.S. Dist. LEXIS 14671, at *10-*11 (E.D.Pa. Oct. 18, 1993)("Assaultive crimes are not probative of truthfulness.")); see also, United States v. Hans, 738 F.2d 88, 93 (3d Cir. 1984)(upholding district court's decision to exclude prior assault conviction); United States v. Cathey, 591 F.2d 268, 276 (5th Cir. 1979)("Crimes involving dishonesty or false statement are often more probative of the witness's lack of credibility than even more serious crimes involving violence."); United States v. Grove, 844 F.Supp. 1495, 1497 (D. Utah 1994)("Assaultive crimes have a limited utility in assessing credibility.");

## 2.    When the Conviction Occurred.

There is a presumption that old convictions are more prejudicial than probative. The accused or a witness should be able to benefit from Rule 609(b)'s presumption against admissibility because it is likely that they matured over the course of a decade. See United States v. Rosato, No. 98-343-01, 1999 U.S. Dist. LEXIS 706, at *7 (E.D. Pa. Jan. 26, 1999); see also, United States v. Pritchard, 973 F.2d 905 (11th Cir. 1992); United States v. Bagley, 772 F.2d 482 (9th Cir. 1985); United States v. Beahm, 664 F.2d 414 (4th Cir. 1981); United States v. Cathey, 591 F.2d 268 (5th Cir. 1979); United States v. Sims, 588 F.2d 1145 (6th Cir. 1978);

United States v. Shapiro, 565 F.2d 479 (7th Cir. 1977).

Mr. Patterson's convictions occurred in 1995.    Accordingly, the prior convictions have

relatively no bearing on Mr. Patterson's character today.  The lengthy time span greatly

undermines any probative value Mr. Patterson's prior convictions may have:

> Although the age of the conviction reduces the probative impeachment value of
> the crime, it does not meaningfully mitigate any prejudicial effect.  Especially in
> light of [defendant's] lack of subsequent convictions, this factor clearly argues
> against admission.

Robinson v. Clemons, No. 96-405, 1998 WL 151285, at *3 (D. Del. Mar 24, 1998); see also,

Miller v. Hoffman, NO. CIV. A. 97-7987, 1999 WL 415402, at *3 (E.D.Pa. Jun 22,

1999)(Hutton, J.); United States v. Grove, 844 F. Supp. 1495 (D. Utah, 1994).

### 3.    The Importance of the Defendant's Testimony to the Case.

A defendant's testimony may be crucial to his case where he is the only witness who may

provide significant information.  If the defendant chooses to testify in that instance, it is vital that

the court preclude the admission of his prior convictions.  Compare, United States v. Givens, 767

F.2d 574 (9th Cir. 1985)( trial court's decision to exclude defendant's conviction upheld, in part,

because jury needed to hear about defendant's alibi and how he came to acquire certain

knowledge that appeared incriminating at trial), cert. denied, 474 U.S. 953 (1985), with, United

States v. Causey, 9 F.3d 1341 (7th Cir. 1993)(admission of defendant's prior convictions proper

because defendant's testimony was not required; other witnesses available to testify in support of

defense theory of case), cert. denied, 511 U.S. 1024 (1994).  It is clear that Mr. Patterson's

testimony would provide crucial information for the fact finder in this case.

### 4.    The Importance of the Credibility of the Defendant.

Obviously, if Mr. Patterson chooses to testify, his credibility will become an issue, as with

any witness brought before the Court.  Hart, 1997 WL 634519 at *2.  The veracity of his

testimony will be essential to the case because he will provide testimony which directly contradicts the main element of the government's charges. See United States v. Payton, 159 F.3d 49, 57 (10th Cir.1998).

Mr. Patterson's prior convictions, however, provide little insight into his propensity to tell the truth. On the contrary, Mr. Patterson prior convictions would only tend to show the jury that he may have a propensity to commit criminal acts of armed robbery. The jury may be led to believe that Mr. Patterson is presently guilty of the charged offenses because he has committed similar "bad acts" in the past. Admission of these old convictions would serve only to confuse the jury. See Maisonneuve, 954 F. Supp. at 117-18. Thus, the prejudicial impact of admitting this evidence far outweighs any potential probative value.

In essence, these convictions are not probative, and would be so prejudicial as to taint any chance Mr. Patterson may have to receive a fair trial. Upon learning that he has a previous conviction for armed robbery, the jury will most likely view Mr. Patterson as a career, violent offender who must have committed the currently-charged offenses.

## III.    CONCLUSION

Mr. Patterson's prior convictions for robbery, criminal conspiracy, and firearm possession do not involve any elements of an act of dishonesty or false statement and cannot be admissible pursuant to Federal Rule of Evidence 609(a)(2). In addition, admitting these prior convictions for impeachment purposes under Rule 609(a)(1) would be extremely prejudicial to Mr. Patterson's case, while having no probative value as to his credibility on the witness stand.

If Mr. Patterson chooses to testify in the instant matter, the government should be prohibited from impeaching him with his prior criminal convictions. Such a ruling is consistent with the fundamental notions of our jurisprudence involving a fair trial, untainted by unduly

prejudicial evidence that would tend to deflect the attention of the jury away from proof involving the specific crimes charged in the indictment.

The risk is that if the government is permitted to impeach Mr. Patterson with prior convictions, the fact finders' improper belief that the accused is a bad person would deflect the focus of the jury from the issues involving proof of the indictment. In this context, a limiting instruction would fall on deaf ears. The prospect of a jury considering the evidence of prior convictions and concluding that if the defendant sinned before, he must have committed the instant crime, becomes problematic. In light of this risk, the Federal Rules of Evidence have recognized the issue and developed rules that favor exclusion of such evidence when the witness is the accused.

WHEREFORE, the defendant, Emanuel E. Patterson, respectfully requests that the Court grant his Motion in Limine to Exclude Any Evidence of Prior Convictions Pursuant to Federal Rule of Evidence 609.

Respectfully submitted,

MARK JAY KRUM, ESQ.
100 S. Broad Street, Suite 1910
Philadelphia, PA 19110
Tel. (215) 605-8200

## CERTIFICATE OF SERVICE

I, Mark Jay Krum, Esq., hereby certify that I have served a copy of Defendant's Motion in Limine to Exclude Any Evidence of Prior Convictions Pursuant to Federal Rule of Evidence 609 and accompanying memorandum in support thereof, electronically through Eastern District Clerk's Office Electronic Case Filing ("ECF") and/or by hand delivery upon Anthony G. Kyriakakis, Assistant United States Attorney, to his office located at Suite 1250, 615 Chestnut Street, Philadelphia, Pennsylvania, 19106.


_____
Mark Jay Krum, Esquire


DATE: September 30, 2009