IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | CRIMINAL NO.  09-513 |
| EMANUEL E. PATTERSON : | |
| a/k/a "Manny" | |
| : | |

### ORDER

AND NOW, this        day of                 , 2009, upon consideration of the motion of defendant Emanuel E. Patterson to exclude expert testimony regarding the firearm in this case, and the government's response thereto, IT IS HEREBY ORDERED that the defendant's motion is DENIED.

BY THE COURT:

_____
HONORABLE R. BARCLAY SURRICK
Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | CRIMINAL NO. 09-513 |
| EMANUEL E. PATTERSON : | |
| a/k/a "Manny" | |
| : | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY**

The United States of America, by Michael L. Levy, United States Attorney for the Eastern District of Pennsylvania, and Anthony G. Kyriakakis and Alexander T.H. Nguyen, Assistant United States Attorneys, submits the following response in opposition to defendant Emanuel E. Patterson's motion to exclude expert testimony regarding the firearm in this case. For the reasons set forth below, the defendant's motion should be denied.

Defendant Patterson was charged by indictment on July 30, 2009 with conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371, armed bank robbery, in violation of 18 U.S.C. §§ 2113(d) and 2, and carrying and using a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2. Upon request of the defendant, Rule 16 of the Criminal Rules of Procedure requires the government to provide written notice of the government's intent to present expert testimony in its case in chief.

On August 10, 2009, the government provided discovery to the defendant and made available to the defendant all physical evidence, including the firearm that is central to all the charges of the indictment. See letter of August 10, 2009 (attached as Exhibit A).

On September 9, 2009, in compliance with the Court's scheduling order, the government gave notice to the defense that, "[a]t trial, the government anticipates calling a forensic expert to testify that the Talon Industries T100 .380 caliber pistol, serial number 000571, recovered in this case is an actual firearm that is operable." See letter of September 9, 2009 (attached as Exhibit B).

On October 9, 2009, Police Officer Shane T. Gaghan of the Firearms Identification Unit of the Philadelphia Police Department test-fired the firearm in this case and prepared a report of his examination of the weapon on that same date. At the suppression hearing on that same date, the government advised defense counsel that the government would shortly provide defense counsel with a C.V. for Officer Gaghan. Defense counsel stated at the hearing that it would be unnecessary for the government to provide a C.V. of its firearms expert to defense counsel, and that defense counsel would not object to the firearm expert's testimony. Nevertheless, the government provided Officer Gaghan's C.V. to defense counsel via electronic mail the following day on October 10, 2009. See letter of October 10, 2009 (attached as Exhibit C).

On October 13, 2009, the same day that government counsel first received Officer Gaghan's one-page report regarding the firearm, and the first business day

following Officer Gaghan's actual preparation of the report, the government provided the one-page report to defense counsel via electronic mail. See letter of October 13, 2009 and report (attached as Exhibit D).

On October 16, 2009, on the afternoon of the last business day prior to trial, the defendant has moved to preclude testimony of the government's expert witness regarding the firearm. Trial is to begin on Monday, October 19, 2009 at 9:30 a.m..

The government requests that the Court deny the defendant's motion. It has been clear since the charges in this case were filed that the government would seek to establish that the Talon T100 weapon recovered on the day of the robbery is a "firearm" within the meaning of 18 U.S.C. § 924(c). That firearm has been available for inspection and for independent testing by the defendant since August 10, 2009. To ensure that there was no surprise, the government gave notice on September 9, 2009, which was within the time provided by the Court, that the government would call such an expert witness. As soon as detailed information about the witness and his report was available, it was provided to the defendant. This was so even though counsel for the defendant, in what now appears to be a bait and switch practice, told counsel for the government that no such proffer regarding the expert's qualifications prior to trial was necessary. The government provided the expert's report to defense counsel on the first business day after it was prepared by the expert.

In similar circumstances, in United States v. Sosa, No. Crim. 05-44, 2006 WL 166557, at *9 (E.D. Pa., Jan. 20, 2006), the district court ruled over the defendant's objection, that an expert would be permitted to testify when the expert's report and background had been provided to the defense one week prior the start date of the trial. There the issue was a much less routine one: it was the nature, practices and culture of the Latin Kings organization.  Nonetheless, the district court denied the motion.  The central issue as elucidated by the Sosa court is whether the defendant has had adequate time to prepare for cross-examination of the witness.  Here, where the issues are straight-forward, even simple, a week is more than adequate time to prepare for this witness' testimony.  In any event, defense counsel has had notice since September 9, 2009 that the government intended to call an expert regarding the fact that the weapon recovered in this case was a "firearm" and regarding its operability.

The result in Sosa is consistent with United States v. Rhines, 143 Fed. Appx. 478, 482 (3d Cir. 2005) (not precedential), in which the Third Circuit affirmed the district court's denial of the defendant's motion to exclude an expert where expert notice was given two weeks prior to trial.  The Third Circuit found there was no prejudice to the defendant where the defendant "should have expected that a forensic scientist would testify in a trial involving drug charges as to the results of lab analysis on the drugs seized."  Id.  In Rhines, the court also relied on the fact that the prosecution had earlier provided the defense with the general outlines of the expected testimony.

Here, the proffer that there would be an expert on the operability of the firearm had exactly the same effect. Use of an actual "firearm" is a fact that is among the elements that must be shown to establish a violation of 18 U.S.C. § 924(c). To adduce that an expert will be called is to adduce the nature of the expert's testimony. The Court of Appeals in reviewing the facts in <u>Rhines</u> found no prejudice to the defendant. <u>Id.</u> Here, as well, the defendant has not shown -- and cannot show -- any prejudice in the government's notice of its intent to call an expert regarding the firearm. The expert's testimony is far from complicated -- it will relate to the basic fact that the weapon recovered in this case is an actual firearm, and that the expert successfully test-fired it. There is no unfair surprise. The defendant was provided notice of this expert testimony on September 9, 2009, has not taken any steps to inspect the firearm or have it tested since that date, and now, on the afternoon of the last business day before trial, has moved to exclude such very basic testimony.

For all these reasons, the government respectfully asks the Court to deny the defendant's motion.

III.     **CONCLUSION**

        For the reasons stated above, the government respectfully requests that the defendant's motion to exclude firearm evidence be DENIED.

        Respectfully submitted,

        MICHAEL L. LEVY
        *United States Attorney*


        /s/ Anthony G. Kyriakakis
        ANTHONY G. KYRIAKAKIS
        ALEXANDER T.H. NGUYEN
        *Assistant United States Attorneys*

Date:  October 16, 2009

<u>CERTIFICATE OF SERVICE</u>

I certify that on this day I caused a copy of the government's Response in Opposition to Defendant Emanuel E. Patterson's Motion to Exclude Firearm Evidence to be served via ECF and electronic mail to:

        **Mark Jay Krum, Esq.**
        MarkJayKrum@aol.com
        100 South Broad Street, Suite 1910
        Philadelphia, PA 19110


        /s/ Anthony G. Kyriakakis
        ANTHONY G. KYRIAKAKIS
        *Assistant United States Attorney*

Date:  October <u>16</u>, 2009