**EXHIBIT A**



|  |  |
|---|---|
| | **U.S. Department of Justice** |
| | *United States Attorney* |
| | *Eastern District of Pennsylvania* |
| ANTHONY G. KYRIAKAKIS | *615 Chestnut Street* |
| *Direct Dial (215) 861-8216* | *Suite 1250* |
| *Fax (215) 861-8594* | *Philadelphia, Pennsylvania 19106-4476* |
| *Email Address: anthony.kyriakakis@usdoj.gov* | *(215) 861-8200* |

August 10, 2009

Mark Jay Krum, Esq.
151 E. 58th Street, 47th Floor
New York, NY 10022

BY FIRST CLASS MAIL

     RE: Discovery in <u>United States v. Emanuel E. Patterson</u>
        Criminal No. 09-513

Dear Mr. Krum:

  Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the government furnishes the following discovery material with respect to the above-referenced case. The government also requests reciprocal discovery.

    1. <u>Statements of the Defendant</u>

  On or about December 19, 2008, defendant Emanuel Patterson was interviewed by an officer from the Media Borough Police Department. During the interview, the defendant provided a signed, written statement, enclosed herewith and Bates-numbered EP-1.

  On or about January 22, 2009, agents from the Federal Bureau of Investigation ("FBI") interviewed the defendant. A typed report of the interview is enclosed herewith and Bates-numbered EP-2 through EP-3. During the interview, the defendant provided a handwritten, signed statement, enclosed herewith and Bates-numbered EP-4.

    2. <u>The Defendant's Criminal History</u>

  A copy of the defendant's criminal history is enclosed herewith, Bates-numbered EP-5 through EP-43.

3. <u>Documents and Tangible Objects</u>

The government hereby produces copies of documents that have been Bates-numbered COM-1 through COM-219. These documents include, among other things, copies of the following: the indictment relating to co-conspirators Norman Hawkins and Rahsaan Ford, the criminal complaint relating to Hawkins and Ford, the arrest warrants and supporting affidavit for Hawkins and Ford; a 302 report re: Norman Hawkins being taken into custody (01/05/2009); a 302 report re: Lisa Mahabir (01/07/2009); a 302 report re: receipt of evidence (12/29/08); statement by Samantha Foley; statement by Shyeema Robinson; statement by Justin Miles; statement by Anne McFadden; Assignment Report; Incident Report; property release forms; surveillance photographs of robbery and photographs of recovered evidence; criminal complaint against Norman Hawkins from Commonwealth of Pennsylvania and supporting affidavit; criminal complaint against Rahsaan Ford from Commonwealth of Pennsylvania and supporting affidavit; property release forms; a grand jury transcript of testimony of Vito Roselli (01/29/09); Indictment No. 09-513; the criminal complaint against the defendant and accompanying affidavit; firearms trace summary report (01/06/09); citation reports; traffic citation (12/19/09); complaint report (2008-09736); grand jury testimony of Norman Hawkins (02/21/08); statement with waiver form of Rahsaan Ford (12/19/08); a 302 report for interview of Rahsaan Ford (12/19/08); written statement of Rahsaan Ford (12/19/08); a 302 report of an interview of Rahsaan Ford (01/05/09); a 302 report of an interview of Rahsaan Ford (01/27/09); statement with waiver form of Norman Hawkins (12/19/08); a 302 report of an interview of Norman Hawkins (12/19/08); a 302 report of an interview of Norman Hawkins (01/05/09); a 302 report of an interview of Norman Hawkins (01/23/09); a 302 report of an interview of Norman Hawkins (01/27/09); and a proffer letter signed by Norman Hawkins (01/08/09).

Also recovered were various physical items described in the enclosed FBI 302 reports and property release forms, including, among other items, a .380 caliber semi-automatic Talon Industries T100 firearm, two dark hoodies, a cellular telephone and a bag containing over $78,000 in United States currency.

You may examine the physical evidence discoverable under Rule 16, including original documents, by calling me at (215) 861-8216 to arrange a mutually convenient time.

4. <u>Reports of Examinations and Tests</u>

The government will provide you with copies of reports of any examinations or tests conducted in connection with this case, as they become available.

5. <u>Expert Witnesses</u>

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

6. <u>Other Materials</u>

The government is aware of and will comply with its obligation to produce exculpatory material or information within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and its progeny.

Any additional <u>Jencks</u> material will be produced three days before trial.

7. <u>Other Crimes, Wrongs or Acts</u>

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

<u>The Defendant's Required Disclosure</u>

Pursuant to Rule 16(b), the government demands prompt reciprocal production of documents, tangible objects and reports of examinations and tests as defined in that Rule.

The government demands reciprocal disclosure of <u>Jencks</u> materials per Rule 26.2 and <u>United States v. Nobles</u>, 422 U.S. 225 (1975).

Your client is charged with offenses, the times, dates and places of which are detailed in the charging document. Pursuant to Rule 12.1, the government demands prompt written notice of any defense alibi within ten (10) days of the receipt of this demand. This notice should detail the specific place or places at which the defendant claims to have been at the time of the offense and the names and addresses of all witnesses upon whom the defendant intends to rely to establish such an alibi.

Pursuant to Rule 12.2, the government demands prompt written notice of any planned insanity or mental defect defense, and/or expert testimony of the defendant's mental condition.

The government demands prompt notice of any entrapment defense per <u>United States v. Levin</u>, 606 F.2d 47, 49 (3d Cir. 1979).

All discovery materials are provided for trial preparation and use at trial

3

only. None of the materials may be disclosed or displayed to any person for any other purpose. Please contact me immediately if you do not receive all of the enclosed materials.

                                Very truly yours,

                                MICHAEL L. LEVY
                                United States Attorney

                                ANTHONY G. KYRIAKAKIS
                                ALEXANDER T.H. NGUYEN
                                Assistant United States Attorneys

Enclosures