IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO.: 09-513 |
| EMANUEL E. PATTERSON | : | |

### ORDER

**AND NOW**, this _____ day of October, 2009, upon consideration of Defendant's Motion To Exclude Government Evidence For Being Produced in Violation of the Court's Prior Discovery Order, the Government's Response thereto, and the Defendant's Reply, it is hereby **ORDERED** that the Motion is **GRANTED**, and that the Government is prohibited from introducing its late production of discovery as set forth in the Defendant's motion (Doc. No. 36).

It is so **ORDERED**.

BY THE COURT:

_____
THE HONORABLE R. BARCLAY SURRICK
United States District Court Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NUMBER: 09-513 |
| | : | |
| EMANUEL E. PATTERSON | : | |

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE GOVERNMENT EVIDENCE FOR BEING PRODUCED IN VIOLATION OF THIS COURT'S PRIOR DISCOVERY ORDER**

**EMANUEL E. PATTERSON**, by and through his court appointed attorney, Mark Jay Krum, Esquire, files this Reply to the Government's Response in Opposition to Defendant's motion to exclude government evidence for being produced in violation of this Court's prior discovery Order. As grounds, it is stated:

1. Defendant Emanuel E. Patterson denies the factual assertions as set forth by the Government in its response in opposition to the defendant's motion to exclude evidence (Doc. No. 39). At no time did defense counsel state "that it would be unnecessary for the government to provide a C.V. of its firearm[']s expert to defense counsel, and that defense counsel would not object to the firearm expert's testimony." Quite the opposite. On Friday afternoon, October 9, 2009, the lead Government counsel asked defense counsel if he would stipulate to the expert testimony of the Government's firearm's expert. Defense counsel responded to the Government's request by stating unequivocally that he was *not* authorized to stipulate to any proposed Government expert witness testimony, and that the Government should act accordingly, and must be prepared to present all evidence and testimony in support of its charges against Mr. Patterson.

2. It has been clear since the charges in this case were filed that a trial was likely to

occur in this case. The Government, however, has not provided discovery timely in this case, and with regard to its proposed expert testimony has acted in complete defiance of this Court's prior Order of September 2, 2009 (Doc. No. 16), requiring the Government to complete its discovery obligations "on or by Friday, September 11, 2009."

**WHEREFORE**, for the reasons set forth in this Reply and in his initial Motion to Exclude Government Evidence for being Produced in Violation of this Court's Prior Discovery Order (Doc. No. 36), Emanuel E. Patterson respectfully asserts that he has sustained prejudice by the Government's actions and requests that the Court grant his instant Motion and exclude the Government's late production of expert evidence as set forth in his moving papers.

Respectfully submitted,

/s/ Mark J. Krum
MARK JAY KRUM, ESQ.
100 S. Broad Street, Suite 1910
Philadelphia, PA 19103
Tel. (215) 605-8200

## CERTIFICATE OF SERVICE

    I, Mark Jay Krum, Esq., hereby certify that I have served a copy of Defendant's Reply to the Government's Response in Opposition to Defendant's Motion to Exclude Government Evidence for being Produced in Violation of this Court's Prior Discovery Order, proposed Order, and Certificate of Service, electronically through Eastern District Clerk's Office Electronic Case Filing ("ECF") system and/or by hand delivery upon Anthony G. Kyriakakis, Assistant United States Attorney, to his office located at Suite 1250, 615 Chestnut Street, Philadelphia, Pennsylvania, 19106.

                                                                     Mark Jay Krum, Esquire

DATE: October 18, 2009