IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION |
| v. : | |
| : | NO. 09-513 |
| EMANUEL E. PATTERSON a/k/a : | |
| "MANNY" : | |

**SURRICK, J.**                                                                                   **OCTOBER 21 , 2009**

## MEMORANDUM

Presently before the Court are the Government's Motion *in Limine* to Use Defendant's Prior Convictions (Doc. No. 17) and Defendant's Motion *in Limine* to Exclude any Evidence of Prior Convictions Pursuant to Federal Rule of Evidence 609 (Doc. No. 20). For the following reasons, the Government's Motion will be granted in part and denied in part and Defendant's Motion will be granted in part and denied.

**I.      BACKGROUND**

On July 30, 2009, a federal grand jury indicted Defendant Emanuel E. Patterson for his alleged involvement in the December 19, 2008, robbery of the Sovereign Bank located at 125 South Providence Road in Media, Pennsylvania. The indictment charges Defendant with one count of conspiracy to commit bank robbery in violation of 18 U.S.C. § 371, one count of armed bank robbery in violation of 18 U.S.C. § 2113(d), and one count of carrying and using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1). The Government alleges that Defendant and two co-conspirators, Michael Hawkins and Rahsaan Lahvon Ford, agreed to rob the Sovereign Bank. Defendant was to be the getaway driver.

On the morning of the robbery, Defendant drove Hawkins and Ford to Media. As he was driving, Defendant's car was pulled over by police. The police impounded the car because Defendant did not have a driver's license. Hawkins and Ford continued with their plan to rob the bank. At about 10:00 a.m., Hawkins and Ford entered the Sovereign Bank. Hawkins produced a semiautomatic pistol, pointed it at bank employees and customers, and ordered everyone to get on the floor. In the meantime, Ford went behind the counter and put approximately $78,142 in cash into a plastic bag. When Ford finished filling the bag, he and Hawkins exited the bank with the cash. They decided to use public transportation to escape. Hawkins and Ford boarded a trolley at a trolley stop near the bank. They were apprehended by the police, who waited for them at a later trolley stop and arrested them. Defendant was not in the bank during the robbery and he was not apprehended with Hawkins and Ford.

At a hearing held on October 9, 2009, Defendant's counsel indicated that "it is likely that [Defendant] will testify in this case." (Oct. 9 Hr'g Tr. 6.) In 1995, Defendant was convicted of (1) carrying a firearm without a license, (2) criminal conspiracy, and (3) robbery arising from a single incident. Defendant was sentenced in January 1995 and paroled in February 2000. The parties now contest whether evidence of Defendant's prior convictions may be admitted under Federal Rule of Evidence 609.

## II.   DISCUSSION

The Government moves to have all three of Defendant's prior convictions admitted into evidence under Federal Rule of Evidence 609(a)(1). (Doc. No. 17 at 1.) Defendant moves to exclude evidence of all of Defendant's prior convictions under Rule 609 because their prejudicial effect outweighs their probative value. (Doc. No. 20 at 8.) We conclude that the robbery

conviction is admissible but that the conspiracy and gun charges are inadmissible.

Rule 609(a)(1) provides that "[f]or the purpose of attacking the character for truthfulness of a witness . . . evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused . . . ."  Fed. R. Evid. 609(a)(1).  Rule 609(a)(2) provides that "evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness."  Fed. R. Evid. 609(a)(2).  In addition, Rule 609(b) places a higher standard on the admissibility of prior convictions for purposes of impeachment where "a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date . . . ."  Fed. R. Evid. 609(b).

Rule 609(a)(1) governs our analysis here.  The crimes for which Defendant was previously convicted do not readily appear to require proof of acts of dishonesty or false statement.  *See* 18 Pa. Cons. Stat. § 3701 (setting forth essential elements of robbery); *id.* § 6106 (setting forth essential elements of carrying a concealed firearm without a license); *id.* § 903 (setting forth essential elements of conspiracy); *see also Walker v. Horn*, 385 F.3d 321, 334 (3d Cir. 2004) (holding that the "district court erred by holding that robbery is a crime involving dishonesty that is automatically admissible under Rule 609(a)(2)");[1] *United States v. Cox*, 159 F.

---

[1] We note that in Pennsylvania, the state in which Defendant committed the prior robbery and in which he allegedly committed the robbery charged in the Indictment, courts have recognized robbery as a crime involving dishonesty.  *See, e.g.*, *Pennsylvania v. McEnany*, 732 A.2d 1263, 1271 (Pa. Super. Ct. 1999) ("Appellant was in prison because a jury found him guilty of, among other offenses, robbery and burglary, which Pennsylvania law recognizes as crimes involving dishonesty." (citing *Commonwealth v. Strong*, 563 A.2d 479, 481 (1989);

App'x 654, 658 (6th Cir. 2005) (observing that "carrying a concealed weapon is not a crime involving dishonesty per se"). Accordingly, admission of Defendant's prior convictions is not governed by Rule 609(a)(2). *See Cree v. Hatcher*, 969 F.2d 34, 38 (3d Cir. 1992) ("The proper test for admissibility under Rule 609(a)(2) does not measure the severity or reprehensibility of the crime, but rather focuses on the witness's propensity for falsehood, deceit, or deception."). Likewise, Rule 609(b) does not govern our analysis here because Defendant was paroled in February 2000, less than ten years ago. *See* Fed. R. Evid. 609(b).

"Rule 609(a)(1) is absolutely clear and explicit in requiring the trial court, before admitting evidence of a prior conviction, to make a determination," under Rule 403, "that the probative value of the evidence outweighs its prejudicial effect to the defendant." *Virgin Islands v. Bedford*, 671 F.2d 758, 761 (3d Cir. 1982). The Third Circuit has instructed district courts to consider several factors when determining whether the probative value of a prior conviction outweighs its probative effect. These factors include, "(1) the kind of crime involved, (2) when the conviction occurred, (3) the importance of the witness' testimony to the case, and (4) the importance of the credibility of the defendant." *United States v. Greenidge*, 495 F.3d 85, 98 (3d Cir. 2007) (citing *Bedford*, 671 F.2d at 761 n.4).

**A. Robbery**

In the light of the *Bedford* factors, the probative value of admitting Defendant's prior robbery conviction will outweigh the prejudicial effect to Defendant. *See, e.g.*, *United States v.*

---

*Commonwealth v. Kyle*, 533 A.2d 120, 123 (Pa. Super. Ct. 1987))); *see also Commonwealth v. Fulton*, 830 A.2d 567, 577 n.1 (Pa. 2003) (Saylor, J., dissenting) ("I note that this Court has held that a robbery conviction involves an element of dishonesty and constitutes a crimen falsi that may be used to impeach a defendant's veracity." (citing *Strong*, 563 A.2d at 482; *Commonwealth v. Henderson*, 438 A.2d 951, 957-58 (1981))).

*Stevens*, S1 03 Cr. 669, 2004 U.S. Dist. LEXIS 17892, at *8 (S.D.N.Y. Sept. 7, 2004) ("The probative value of admitting [the defendant's prior] robbery conviction, or attempted robbery conviction 'outweighs its prejudicial effect to the accused.'" (quoting Rule 609(a)(1))), *aff'd* 219 F. App'x 108 (2d Cir. 2007).  We consider the factors in the order of their importance to our decision.

The fourth factor weighs heavily in favor of admitting evidence of Defendant's prior conviction for robbery because it is probative of Defendant's credibility.  "While robbery does not carry the probative significance of a crimen falsi, it is nonetheless a crime that reflects on an individual's veracity . . . ."  *United States v. Golson*, Crim. No. 08-85, 2009 U.S. Dist. LEXIS 2325, at *20 (E.D. Pa. Jan. 14, 2009) (footnote omitted).[2]  If Defendant chooses to testify, his testimony will be of great importance to the case and his credibility will be central to the jury's weighing of the evidence.  *See United States v. Perkins*, 937 F.2d 1397, 1406 (9th Cir. 1991) ("[T]he admission under Rule 609 of a bank robbery conviction in a bank robbery trial is not an abuse of discretion when the conviction serves a proper impeachment purpose, such as when the defendant's testimony and credibility are central to the case.") (citation omitted).  In this case, the Government has indicated that it intends to call witnesses who will testify that Defendant gave a

---

[2] Although the Third Circuit has not directly ruled on the issue, several other courts of appeals have determined that a robbery conviction is probative of a defendant's veracity.  *See, e.g.*, *United States v. Moore*, 917 F.2d 215, 235 (6th Cir. 1990) (affirming district court's decision to admit nine-year-old conviction for robbery as impeachment evidence under Rule 609(a)(1) in a case where the defendant was charged with armed robbery because the defendant's prior robbery conviction "went to credibility, and had impeachment value"); *United States v. Givens*, 767 F.2d 574, 580 (9th Cir. 1985) ("[P]rior convictions for robbery are probative of veracity.").  *Cf. United States v. Washington*, 746 F.2d 104, 107 (2d Cir. 1984) (affirming trial court's decision to admit evidence of defendant's prior robbery conviction under Rule 609); *United States v. Grandmont*, 680 F.2d 867, 872 (1st Cir. 1982) (holding that the district court had an "ample basis to conclude" that the defendant's prior robbery conviction should be admitted under Rule 609(a)(1)).

written statement regarding his involvement in the December 19, 2008, bank robbery. Defendant's testimony will contradict the testimony of the Government's witnesses on this topic, as well as other topics, in important respects. (*Compare, e.g.*, Oct. 9 Hr'g Tr. 17, *with id.* at 44.) Therefore, the jury will be aided by evidence that sheds light on Defendant's veracity.

      The first factor weighs against admitting Defendant's prior conviction for robbery. Defendant's prior robbery conviction raises the potential for the jury to draw an impermissible propensity inference, namely that Defendant robbed once so he must have robbed again. Weighing the first and fourth factors against each other in this case, the scales are about balanced. However, the prejudice that Defendant might face as a result of his prior robbery conviction being admitted can be mitigated by a proper limiting instruction to the jury. *See Millhouse*, 2007 U.S. Dist. LEXIS 33406, at *10 (determining that the court could "eliminate or greatly minimize any potential prejudice" of admitting the defendant's prior robbery conviction "by including a limiting instruction in its charge that restricts the jury's consideration of the evidence to [the defendant's] credibility only"); *see also Cox*, 159 F. App'x at 658 (observing that risk of a jury treating prior robbery conviction as improper propensity evidence "was mitigated by an immediate limiting instruction"); *Stevens*, 2004 U.S. Dist. LEXIS 17892, at *8 (admitting evidence of the defendant's prior robbery conviction and noting that appropriate limiting instructions would be given to the jury). Juries are presumed to follow limiting instructions. *See Richardson v. Marsh*, 481 U.S. 200, 211 (1987); *United States v. McKee*, 506 F.3d 225, 230 (3d Cir. 2007). If Defendant elects to testify and if the Government chooses to impeach him, we will give the appropriate limiting instruction to the jury when the evidence is admitted and again when we charge the jury. Accordingly, the weight of the first factor is diminished here.

Finally, the second and third factors are of minimal weight. With regard to the second factor, Rule 609 addresses concerns about the age of a conviction. Whereas courts admitting evidence of convictions older than 10 years must, "in the interests of justice," determine "that the probative value of the conviction supported by specific facts and circumstances *substantially* outweighs its prejudicial effect convictions," Fed. R. Evid. 609(b) (emphasis added), courts admitting a conviction that is less than 10 years in the past must determine that the conviction's probative value outweighs the prejudicial effect of the evidence, *see* Fed. R. Evid. 609(a)(1). Therefore, on its face, Rule 609 does not require us to engage in any analysis above and beyond weighing the probative value of the evidence against its prejudicial effect. *See* Fed. R. Evid. 609(a)(1). To the extent that *Bedford* requires additional examination of the age of a conviction, we conclude that the age Defendant's prior robbery conviction – Defendant was paroled over nine years ago – weighs against admitting the conviction into evidence. With regard to the third factor, Defendant's testimony is important to this case, a consideration that favors both admitting and excluding the robbery conviction. While it is important for Defendant to offer his version of the facts to the jury, it is also important for the jury to know the relative value of Defendant's testimony so that the jury can afford it proper weight.

Considering all the *Bedford* factors together, we conclude that Defendant's prior robbery conviction is admissible under Rule 609(a)(1).

**B.     Gun and Conspiracy Convictions**

In contrast to Defendant's prior robbery conviction, his prior convictions for carrying a firearm without a license and conspiracy to commit robbery are inadmissible under Rule 609(a)(1) given the facts of this case. Admitting these crimes would be cumulative evidence of Defendant's veracity, significantly diminishing their probative value. At the same time, both

convictions, but particularly the firearm conviction, raise the possibility that the jury will draw an inference that will unfairly prejudice Defendant.  When considered in conjunction with the age of the convictions and the importance of Defendant's testimony, the limited additional probative value of the convictions and the potential prejudice they pose to Defendant lead us to conclude that the *Bedford* factors do not weigh in favor of admitting the firearm and conspiracy convictions under Rule 609(a)(1).

### III.     CONCLUSION

For the foregoing reasons, the Government's Motion will be granted in part and denied in part and Defendant's Motion will be granted in part and denied in part.


BY THE COURT:

*/s/ R. Barclay Surrick*
U.S. District Court Judge